UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSEPH and KAREN COOK, husband and wife and their marital community,<br><br>Plaintiffs,<br><br>v.<br><br>OCEAN GOLD SEAFOODS, INC., a Washington corporation; MERLINO'S SEAFOOD, INC., anentity whose status is unknown; PACIFIC SEAFOOD GROUP, an Oregon corporation; DULCICH, INC., an Oregon corporation; DNENIS RYDMAN and JANE DOE RYDMAN, husband and wife and their marital community; and JOHN DOES I through X,<br><br>Defendants. | Case No. C06-5562FDB<br><br>ORDER GRANTING DEFENDANTS OCEAN GOLD SEAFOODS, INC., MERINO SEAFOOD, INC., AND DENNIS AND JANE DOE RYDMAN'S MOTION FOR SUMMARY JUDGMENT |

This cause of action concerns an accident occurring on October 4, 2003 at the Ocean Gold Seafoods, Inc. fish processing plant located in Westport, Washington. On the day of the accident, Plaintiff Joseph Cook was at the Ocean Gold plant to discuss business. (Plaintiff's Dep., Ex. 1 to Faltens Decl., p. 88.) Plaintiff, a Canadian citizen, was responsible for obtaining fish products by contacting various commercial fishermen and negotiating a price for delivery of Canadian hake to Westport, Washington for processing at the Ocean Gold plant. (Rydman Decl.; Cook Decl. ¶¶ 3, 4.) Plaintiff came out onto the dock, and was asked by Dennis Rydman, owner of Ocean Gold, to unfoul a hoist. Rydman sat in the forklift's driver's seat, and Plaintiff got into the tote. (Rydman Decl.) The tote was raised, then it toppled over and fell onto the dock and Plaintiff was injured. *Id.*

Plaintiff Joseph Cook received coverage under the Industrial Insurance Act, which included

ORDER - 1

payment of the medical bills that he had incurred in the United States and an award for permanent partial disability of approximately $25,000.00. (Cook Decl. ¶ 15; Cook Dep. pp. 125-26.) Ocean Gold paid Plaintiff's salary after the incident until Plaintiff stopped working for Ocean Gold in 2006. (Rydman Decl.)

In this case, Plaintiff Cook seeks damages for injuries sustained at Ocean Gold's fish processing plant. Defendants contend that Plaintiff's claims are barred by RCW Title 51 (Industrial Insurance Act), pursuant to which Ocean Gold has immunity from Plaintiff's lawsuit because Plaintiff was a "worker" for Ocean Gold Seafoods.

RCW 51.04.010 provides in pertinent part as follows:

> The state of Washington ... declares that all phases of the premises are withdrawn from private controversy, and sure and certain relief for workers, injured in their work ... is hereby provided regardless of questions of fault and to the exclusion of every other remedy ... and to that end all civil actions and civil causes of action for such personal injuries and all jurisdiction of the courts of the state over such causes are hereby abolished ....

The Industrial Insurance Act (IIA) provides the exclusive remedy for workers injured during the course of their employment. *E.g., Hildahl v. Bringolf*, 101 Wash. App. 634 (2000).

The IIA defines "employer" and "worker" and includes standards for determining whether independent contractors should be treated as "employers" or "workers." RCW 51.08.070 and RCW 51.08.180. A "worker" is defined as follows in pertinent part at 51.08.180:

> (1) "Worker" means every person in this state who is engaged in the employment of an employer under this title, whether by way of manual labor or otherwise in the course of his or her employment; also every person in this state who is engaged in the employment of or who is working under an independent contract, the essence of which is his or her personal labor for an employer under this title, whether by way of manual labor or otherwise, ....

The foregoing provision continues that "a person is not a worker if he or she meets the tests set forth in subsections (1) through (6) of RCW 51.08.195. The Court in *Malang v. Dept. of Labor and Industries,* 139 Wash. App. 677 (2007), explained that the broad definition of "worker" eliminated

ORDER - 2

the technical distinction between employees and independent contractors and extended the IIA's coverage to independent contractors " 'whose *personal efforts* constitute the main essential in accomplishing the objects of the employment.' " *Id.* 687-88*, citing Lloyd's of Yakima Floor Ctr.*, 33 Wash. App. 745, 749 (1982) (quoting *Norman v. Dept. Of Labor & Indus.*, 10 Wash.2d 180, 184 (1941).) Thus, a court must determine whether the essence of an independent contract is personal labor. *Malang*, 139 Wash. App. 688. A contract is not for personal labor if the independent contractor

> (a) ... must of necessity own or supply machinery or equipment (as distinguished from the usual hand tools) to perform the contract ..., or (b) ... obviously could not perform the contract without assistance ..., or (c) ... of necessity or choice employs others to do all or part of the work he has contracted to perform ... .

*Id., citing Peter M. Black Real Estate Co. v. Dept. Of Labor & Indus.*, 70 Wash. App. 482, 488-89 (1993). If the essence of the contract is personal labor, the next step is to analyze the business arrangement to determine whether it constitutes "employment." *Id.* RCW 51.08.195 creates an exception to the rule that independent contractors for personal labor are "workers," and provides that "services performed by an individual for remuneration shall not constitute employment subject to this title" if six listed elements are present.

  Examination of the circumstances of this case begins with the question of whether there is an employment relationship. For purposes of the IIA, an employment relationship exists only when: (1) the employer has the right to control the servant's physical conduct in the performance of his duties, and (2) there is consent by the employee to this relationship. There is an employment relationship between the parties in this case. Taking the second element of consent first, between Ocean Gold and Plaintiff, there was an employer and employee relationship. There is no serious question here that Plaintiff was performing a service for Ocean Gold; the parties agree as to what Plaintiff's job was – to arrange for hake delivery to Ocean Gold – and this in itself is an important indicator of an employment relationship. *See Bennerstrom v. Department of Labor & Industries*, 120 Wn. App. 853,

ORDER - 3

859 (2002).  The first element, the element of control, may be examined by looking at such factors as the following seven:   (1) who controls the work to be done.  Here, Ocean Gold directed Plaintiff to procure a certain amount of hake for the forthcoming season, and Plaintiff was also accepting direction from Ocean Gold when he got into the forklift tote that ultimately fell.  (2) who determines the qualifications. There is no issue concerning qualifications, and this element is unhelpful here.  (3) setting pay and hours of work and issuing paychecks.  Here, it is undisputed that Ocean Gold set the pay and issued bi-weekly paychecks to Plaintiff.  (4) day-to-day supervision of responsibilities.  This element does not fit the circumstances of this case, and is unhelpful here.  (5) providing work equipment.  This element does not fit the circumstances of this case, and is also unhelpful here.  (6) directing what work is to be done.  It cannot seriously be questioned that Ocean Gold directed the work to be done, *i.e.*, the amount of hake that Plaintiff was directed to arrange to be delivered to Ocean Gold's processing plant.  (7) conducting safety training.  The parties produce no information in this regard, so this element is not helpful.  The foregoing analysis demonstrates an employment relationship between Plaintiff and Ocean Gold because, importantly, Ocean Gold directed the amount of hake that was to be delivered and where, and Ocean Gold set Plaintiff's pay and issued bi-weekly paychecks to him.

The employment relationship is now examined pursuant to the IIA's requirements.  Plaintiff's contract was for personal labor.  It is not disputed that Plaintiff's job under his contract with Ocean Gold was to consult with Ocean Gold as to its hake delivery need for the upcoming season, which generally ran from June through October, and to then contact Canadian Hake fishermen and arrange for delivery of the required amount of Canadian Hake to Ocean Gold's seafood processing plant in Westport. (*See* Plaintiff's Opposition Br. P. 3.)  Plaintiff required no special machinery or equipment to make the arrangements.  Neither did Plaintiff require assistance in order to perform his job for Ocean Gold, and there is no showing that he employed others to do the work that he contracted to perform.  Plaintiff provided his personal labor to Ocean Gold.

ORDER - 4

Next, in analyzing whether Plaintiff's business arrangement with Ocean Gold constitutes employment under RCW 51.08.195, the record demonstrates that the arrangement was employment that <u>is</u> subject to the IIA because all six required elements listed under RCW 51.08.195 are <u>not</u> satisfied. Ocean Gold argues that at least elements numbers 1, 3, 4, and 5 do not apply to Plaintiff.

Element (1) provides: "The individual has been and will continue to be free from control or direction over the performance of the service, both under the contract of service and in fact." Ocean Gold determined what it needed Plaintiff to do for it, in terms of how much hake to obtain for its processing plant during what period. As discussed in the section above, Ocean Gold controlled the work to be done.

Element (3) provides:

> The individual is customarily engaged in an independently established trade, occupation, profession, or business, of the same nature as that involved in the contract of service, or the individual has a principal place of business for the business the individual is conducting that is eligible for a business deduction for federal income tax purposes.

The first alternative of element No. 3 is arguably met, but not the second.

Element (4) provides:

> On the effective date of the contract of service, the individual is responsible for filing at the next applicable filing period, both under the contract of service and in fact, a schedule of expenses with the internal revenue service for the type of business the individual is conducting.

Plaintiff merely states that he filed a schedule of expenses pursuant to the Canadian tax code for his business. That, however, is not what element No. 4 requires, and Plaintiff has not demonstrated that he is excused from meeting this element because he had responsibilities under Canadian law.

Element (5) provides:

> On the effective date of the contract of service, or within a reasonable period after the effective date of the contract, the individual has established an account with the department of revenue, and other state agencies as required by the particular case, for the business the individual is conducting for the payment of all state taxes normally paid by employers and businesses and has registered for an received a unified business identifier number from the state of Washington.

ORDER - 5

1    Plaintiff has not satisfied Element No. 5's requirements.   Plaintiff argues that he provided
2 services in Canada and that he followed Canadian law as to his self-employed business income.  This
3 argument fails because Plaintiff has not demonstrated that he is excused from complying with this
4 provision.  It is undisputed that Plaintiff provided services to Ocean Gold, a Washington corporation,
5 and was paid a salary by Ocean Gold.  Plaintiff was doing business in Washington and earned a salary
6 from a Washington business, and he failed to comply with the requirements of Element No. 5.

7    In order to take advantage of this alternative exception for independent contractors otherwise
8 subject to the IIA's provisions, plaintiff must show compliance with each element of RCW
9 51.08.195.  Having failed to show that he meets all the elements of RCW 51.08.195, Plaintiff does
10 not fall under the "alternative exception" provided by that statute, and Plaintiff's employment with
11 Ocean Gold is, therefore, subject to the provisions of the IIA.

12    Plaintiff also argues that Ocean Gold did not pay premiums under the IIA regarding Plaintiff's
13 salary, and should not, therefore, be allowed to take advantage of the employer immunity provision.
14 The matter of Ocean Gold's obligations to Labor and Industries (L&I) is not before this court.  The
15 decision of Labor and Industries to pay benefits to Plaintiff are not germane to this lawsuit where
16 Plaintiff is attempting to demonstrate that he is not a "worker" in order to sue Ocean Gold for
17 negligence even though he has received benefits from L&I.

18    NOW, THEREFORE, IT IS ORDERED: Defendants Ocean Gold Seafoods, Inc., Merino
19 Seafood, Inc., and Dennis and Jane Doe Rydman's Motion for Summary Judgment [Dkt. # 28] is
20 GRANTED, and Plaintiff's cause of action against these parties is DISMISSED.

21    DATED this 21st day of November, 2007.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

26  ORDER - 6